## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT L. RICHARDSON** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **KEOLIS COMMUTER SERVICES, LLC** | ) |
| | ) |
| **Defendant** | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff Robert Richardson, by and through counsel, and as causes of action states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Robert Richardson is a citizen of Massachusetts.

2. Defendant Keolis Commuter Services, LLC ("Keolis"), is a railroad corporation organized under the laws of Delaware, with its principal place of business in Boston, Massachusetts, and doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

3. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. ("FELA").

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts,

and 28 U.S.C. § 1391(b)(2) inasmuch as Keolis' principal place of business is in Boston, Massachusetts, and is doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States..

## COUNT I – Violation of the FELA

5. Mr. Richardson's action arises under the FELA, as well as the Locomotive Inspection Act, 49 U.S.C. § 20701, and the Safety Appliance Act, 49 U.S.C. § 20302.

6. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment and premises involved were under the control of the Defendant.

7. On or about January 26, 2015, Mr. Richardson, while in the employ of the Defendant as a conductor, sustained severe injuries.

8. On that date, Mr. Richardson was performing his duties as a conductor and exited the train at a re-crewing point and walking to the employee parking lot.

9. There was no designated sidewalk or walkway for Mr. Richardson to walk on between the train station and the employee parking lot.

10. Defendant Keolis explicitly and implicitly encouraged its employees to use the route taken by Mr. Richardson from the train station to the employee parking lot and knew or should have known that its employees regularly used that route.

11. While walking from the train station to the employee parking lot, Mr. Richardson slipped and fell on ice and snow, which had been left untreated. When Mr. Richardson fell to the ground his left leg went underneath him and when he was able to get back up he experienced immediate pain in his left ankle, left knee, and back.

12.     Defendant Keolis owed to Mr. Richardson a non-delegable duty to provide a reasonably safe place in which to perform his work, including the premises of third parties.

13.     Defendant Keolis breached its duty to provide Mr. Richardson with a reasonably safe place to work in that:

a.  It failed to use due care to furnish the Plaintiff with a reasonably safe place in which to work;

b.  It failed to properly maintain and inspect the area where the Plaintiff walked and to keep the area free of snow and ice;

c.  It failed to warn the Plaintiff of the dangers presented because of the untreated snow and ice and lack of a designated employee walkway;

d.  It failed to provide a safe and reasonable walking path for the Plaintiff to utilize from his work location to the location of the employee parking lot; and

e.  It was otherwise careless, reckless and negligent.

14.     As a direct and proximate result of the negligence of Defendant Keolis, Mr. Richardson was seriously, painfully and permanently injured about the body and limbs, resulting injuries to his left ankle, left knee and back, which caused and will continue to case pain, suffering, and mental anguish, surgical, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Robert L. Richardson, demands judgment against the Defendant, Keolis Commuter Services, LLC, in an amount to be determined by the Jury, together with interest and costs.

        **ROBERT L. RICHARDSON**
        **By his Attorney,**

        /s/ Carolyn M. Latti
        Carolyn M. Latti, Esq.
        BBO# 567394
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, Massachusetts 02109
        (617) 523-1000
        clatti@lattianderson.com


        **TO BE ADMITTED PRO HAC VICE**

        P. Matthew Darby, Esquire
        H. David Leibensperger, Esquire
        Berman, Sobin, Gross, Feldman & Darby
        1301 York Road, Suite 600
        Lutherville, Maryland  21093
        (410) 769-5400
        pmdarby@bsgfdlaw.com
        hdavid@bsgfdlaw.com

Dated: May 18, 2017

## **REQUEST FOR JURY TRIAL**

    Plaintiff Robert Richardson, by and through the undersigned counsel, requests a jury trial on issues presented herein.

        /s/ Carolyn M. Latti
        Carolyn M. Latti, Esq.